UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOTHER RAGUEL MARIE
BIZARRETTY BEY, et al.,

      Plaintiffs,

v.                                    CASE NO. 8:23-cv-973-WFJ-TGW

BAY RIDERS
WATERSPORTS, LLC, et al.,

      Defendants.
_____

## REPORT AND RECOMMENDATION

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 2), seeking a waiver of the filing fee for her complaint, which appears to relate to a lease agreement dispute (Doc. 1).

The complaint does not comply with the Federal Rules of Civil Procedure and it fails to state a claim upon which relief may be granted. I therefore recommend that the plaintiff's complaint (Doc. 1) be dismissed, however, with leave to amend.

I.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay

the filing fee and a statement of the nature of the action which shows that she is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii). In order to state a claim for relief the complaint must allege facts from which the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

II.

The complaint fails to comply with the Federal Rules of Civil Procedure. As an initial matter, it is unclear whether the court has jurisdiction over the case. The plaintiff asserts that the basis for the court's jurisdiction is that the claims involve a federal question and lists, for instance, "Title 18 United States Code 241," "United Nations Human Rights Treaty Article 8 Section 2(b)," and "1787 – 1836 Treat United States of America – Moroccan Empire. Article 6" (Doc. 1, pp. 1, 2, ¶¶7, 14, 18). Thus, it is unclear what the federal question is and, moreover, the matter appears to involve a dispute over a lease agreement, which presumably would be governed by state law.

Further, it appears that the plaintiff impermissibly tries to bring the lawsuit on behalf of the business "Better Me Foods, Products and Services, LLC" (id., p. 1). Since Better Me Foods, Products and Services,

2

LLC, is a corporation, it cannot appear <u>pro se</u>. Local Rule 2.02(b)(2); <u>see also</u> <u>Palazzo</u> v. <u>Gulf Oil Corp.</u>, 764 F.2d 1381, 1385 (11th Cir. 1985). Thus, in order to proceed, this plaintiff would need to be represented by legal counsel.

The complaint also does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, which increases the difficulty in trying to make sense of it. Notably, the complaint is an impermissible shotgun pleading. The Eleventh Circuit has stated the following about shotgun pleadings:

> A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).
>
> …
>
> "[W]e have identified four rough types or categories of shotgun pleadings." *Weiland*, 792 F.3d at 1321. The first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. *Id.* at 1323. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims

3

against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id.

Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021).

The plaintiff's statement of facts are set out in paragraphs 27 to 122. Her requested relief for the entire complaint is then based on paragraphs 27 to 122 (see Doc. 1, pp. 11–12, ¶¶123–131). Thus, this is a classic example of a shotgun pleading.

The plaintiff also recites a litany of immaterial and irrelevant facts. For instance, the plaintiff provides communications, such as emails and text messages, between herself and defendant Derek Nobles regarding defendant Nobles' obligations, such as emptying a wastewater tank, pursuant to the lease agreement (see e.g., id., pp. 5–6, ¶¶53–58). The plaintiff does not make clear how any of these facts relate to the various causes of actions she asserts, such as "COA for deprivation of rights under the color of law" (id., p. 8, ¶88). In that claim she states that the defendants "conspire[d] to injure, oppress, threaten, or intimidate plaintiff(s) . . . in the free exercise and enjoyment of right to enterprise and due process under the law, inclusive of the privileges secured by the Constitution or laws of the United States" (id.).

Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

4

Civ. P. 8(a)(2). This complaint, which contains a host of irrelevant information, fails to do that. In sum, the plaintiff's complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, supra, 556 U.S. at 678, quoting Bell Atlantic Corp. v. Twombly, supra, 550 U.S. at 570. Accordingly, the complaint fails to state a claim on which relief may be granted. §1915(e)(2)(B)(ii).

However, under these circumstances, it is appropriate to allow the plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (Section 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required by Fed.R.Civ.P. 15(a)). I therefore recommend that the complaint be dismissed and the Motion to Proceed *In Forma Pauperis* (Doc. 2) be deferred pending an opportunity for the plaintiff to file within thirty days a cognizable amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Thomas G. Wilson*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: August 23, 2023.

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.