UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOTHER RAGUEL MARIE
BIZARRETTY BEY, et al.,

      Plaintiffs,

v.                                CASE NO. 8:23-cv-973-WFJ-TGW

BAY RIDERS
WATERSPORTS, LLC, et al.,

      Defendants.

_____

## **REPORT AND RECOMMENDATION**

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 2), seeking a waiver of the filing fee for her complaint, which appears to relate to a lease agreement dispute (Doc. 1). That complaint was denied, with leave to amend, because it did not comply with the Federal Rules of Civil Procedure and it failed to state a claim upon which relief may be granted (see Doc. 8).

The plaintiff then filed the operative Amended Complaint (Doc. 12). While the plaintiff cured some deficiencies set out in my report and recommendation, the complaint still fails to state a claim upon which relief may be granted. I therefore recommend that the plaintiff's Amended Complaint (Doc. 12) be dismissed with prejudice.

I.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that she is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii). In order to state a claim for relief the complaint must allege facts from which the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

II.

As indicated, the plaintiff's initial complaint failed to comply with the Federal Rules of Civil Procedure (see Doc. 1). In my report and recommendation, I set forth several deficiencies with the complaint.

The plaintiff appears to have cured two of those deficiencies. Thus, in the initial complaint, the plaintiff impermissibly tried to bring the lawsuit on behalf of the business "Better Me Foods, Products and Services, LLC" (id., p. 1). In the amended complaint, Better Me Foods, Products and Services, LLC, is now excluded as a plaintiff entirely (Doc. 12, p. 1).

2

Moreover, the plaintiff appears to have aligned facts with specific claims, as opposed to basing the entire complaint on a litany of paragraphs, which is a type of impermissible shotgun pleading.

However, the plaintiff's amended complaint, again, does not make clear whether the court has jurisdiction over the matter. Thus, the plaintiff states a claim pursuant to 15 U.S.C. § 1125 (id., p. 2). In support of that claim, the plaintiff sets forth—as she did in her initial complaint—facts that involve a dispute over a lease agreement (id.). Notably, 15 U.S.C. § 1125(a), also known as § 43(a) of the Lanham Act or the federal unfair competition law, provides "that a person who 'uses in commerce any word, term, name, symbol, or device,' that 'is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person . . . shall be liable in a civil action.'" 15 U.S.C. § 1125(a)(1). Given that a trademark is not at issue here, this claim is entirely misplaced.

The plaintiff also asserts claims pursuant to 18 U.S.C. § § 231, 241, 242, 245, 1001 (Doc. 12, pp. 3–4). Title 18, and its various sections, are criminal statutes. Thus, criminal statutes do not give rise to a private cause of action. See Fundiller v. City of Cooper City, 777 F.2d 1436, 1439 (11th Cir. 1985). Further, these claims are supported by facts relating to the lease

3

agreement dispute which, as I stated in my previous report and recommendation, would presumably be governed by state law.

Accordingly, the complaint fails to state a claim on which relief may be granted. §1915(e)(2)(B)(ii). As indicated, this is the plaintiff's second opportunity to file a cognizable complaint. Since there is nothing to suggest that giving the plaintiff an opportunity to file a third complaint will lead to a different result, I recommend that the amended complaint be dismissed with prejudice.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: November 13, 2023.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.